1   John T. Masterson, Bar #007447
    Joseph J. Popolizio, Bar #017434
2   Ryan J. McCarthy, Bar #020571
    Christina Retts, Bar #023798
3   JONES, SKELTON & HOCHULI, P.L.C.
    2901 North Central Avenue, Suite 800
4   Phoenix, Arizona  85012
    Telephone:  (602) 263-1700
5   Fax:  (602) 200-7846
    jmasterson@jshfirm.com
6   jpopolizio@jshfirm.com
    rmccarthy@jshfirm.com
7   cretts@jshfirm.com

8   *Attorneys for Defendants City of Phoenix,*
    *City of Phoenix Police Department, Chief*
9   *Jack Harris, Jason K. Toth, Andrew B.*
    *Woyna, Duane A. Rigg, Jr., Dick C.*
10  *Richards, Terri L. Klepper*

11                **UNITED STATES DISTRICT COURT**

12                    **DISTRICT OF ARIZONA**

13

    TOBIAS GOTBAUM, NATHANIEL            NO. CV08-937-PHX-DGC
14  GOTBAUM, ELLA GOTBAUM, the natural
    children of Carol Anne Gotbaum by and   **DEFENDANTS' MOTION TO**
15  through their next friend, Noah Gotbaum; and   **DISMISS PRE-DEATH**
    the ESTATE OF CAROL ANNE GOTBAUM,   **SUFFERING CLAIMS**
16
                            Plaintiffs,
17
                v.
18
    CITY OF PHOENIX, a public entity; CITY
19  OF PHOENIX POLICE DEPARTMENT;
    CHIEF JACK HARRIS; JASON K. TOTH;
20  ANDREW B. WONYA; DUANE A. RIGG,
    JR.; DICK C. RICHARDS; TERRI L.
21  KLEPPER, JOHN DOE OFFICERS I-X;
    JANE DOE OFFICERS I-X; JOHN DOE
22  SUPERVISORS I-X; JANE DOE
    SUPERVISORS IX; JOHN DOES I-X; JANE
23  DOES I-X; BLACK CORPORATIONS I-X;
    and WHITE PARTNERSHIPS I-X,
24
                            Defendants.
25

26
            Under Arizona's Wrongful Death Act, A.R.S. § 12-611, *et seq.*, Plaintiffs
27
    cannot recover damages for a decedent's pre-death suffering.  Moreover, Plaintiffs cannot
28

    1937193.1

1    recover damages for a decedent's pre-death suffering under Arizona's survival statute,

2    A.R.S. § 14-3110.  In addition, because federal law is silent on this issue, the Estate of

3    Carol Anne Gotbaum is also precluded from recovering damages under 42 U.S.C. §1983

4    due to the appropriate application of the law of Arizona, the forum state.  Thus, dismissal

5    of any claim for the alleged pre-death suffering of Carol Anne Gotbaum is mandated

6    pursuant to Rule 12(b)(6), Fed.R.Civ.P.

7    **I.**     **FACTS**

8          This case arises out of the death of Carol Anne Gotbaum at Phoenix Sky

9    Harbor Airport while in the custody of Phoenix Police.  Plaintiffs filed first in Arizona

10   Superior Court; Defendants removed that action to Federal District Court.

11         Plaintiffs bring this wrongful death action pursuant to A.R.S. §12-611, *et*

12   *seq.,* DEATH BY WRONGFUL ACT and 42 U.S.C. §1983.[1]  Plaintiffs specifically allege

13   in their First Amended Complaint that the Estate has suffered damages in the form of pre-

14   death pain and suffering pursuant to applicable law.[2]

15   **II.**    **NO PLAINTIFF CAN RECOVER PRE-DEATH SUFFERING DAMAGES**
            **UNDER ARIZONA'S WRONGFUL DEATH STATUTES.**
16

17         Under Arizona's wrongful death statutes, statutory beneficiaries may

     recover damages that the decedent would have been able to recover, had death not ensued.
18
     A.R.S. § 12-611, *et seq*.  "[A]n action for wrongful death is an *original and distinct claim*
19
     *for damages* sustained independent of those injuries personal to the decedent."  *Halenar v.*
20
     *Superior Court*, 109 Ariz. 27, 29, 504 P.2d 928, 930 (1972) (emphasis added); *see also In*
21
     *re Lister's Estate*, 22 Ariz. 185, 195 P. 1113 (1921) (wrongful death statute creates a new
22
     cause of action for the wrongful death).  Claims by the beneficiaries under the wrongful
23
     death statute, however, are *not* derived from the decedent's claims.  *Schoenrock v. Cigna*
24
     *Health Plan of Ariz., Inc.*, 148 Ariz. 548, 550, 715 P.2d 1236, 1238 (App. 1985) (citing
25
     *Huebner v. Deuchle*, 109 Ariz. 549, 514 P.2d 470 (1973)).  Statutory beneficiaries recover
26

27         [1] *See* paragraph 1 of Plaintiffs'  First Amended Complaint.
           [2] *See* paragraph 117 of Plaintiffs'  First Amended Complaint
28

1   for damages they suffered from the death of the decedent – ***not those injuries the***

2   ***decedent suffered***.  *See Mullen v. Posada Del Sol Health Care Ctr.*, 169 Ariz. 399, 400,

3   819 P.2d 985, 986 (App. 1991)(emphasis added).  For example, beneficiaries may recover

4   for "loss of love, affection, companionship, consortium, [and] *personal* anguish and

5   suffering."  *Id*. (emphasis added).   Thus, the wrongful death statutes preclude any

6   Plaintiff, including the Estate of Carol Anne Gotbaum, from recovering damages for any

7   alleged pre-death suffering by Carol Gotbaum because they did not personally suffer those

8   injuries.

9   **III.    PLAINTIFFS CANNOT RECOVER DAMAGES FOR PRE-DEATH
            SUFFERING UNDER ARIZONA'S SURVIVAL STATUTE.**

10          Plaintiffs have not alleged any claims under Arizona's survival statute.

11  Plaintiffs incorporated all of their claims, including their inappropriate claims for pain and

12  suffering noted above, under 42 U.S.C. § 1983.  Title 42 U.S.C. § 1983 is silent as to

13  whether pain and suffering damages survive death.  But Arizona law, specifically A.R.S.

14  §14-3110, is not.  In areas on which federal law is silent, federal courts must borrow the

15  law of the forum state unless it is inconsistent with the purposes of the federal law. 42

16  U.S.C. § 1988.

17          Arizona's survival statute provides as follows:

18          Every cause of action, except a cause of action for damages
            for breach of promise to marry, seduction, libel, slander,
19          separate maintenance, alimony, loss of consortium or invasion
            of the right of privacy, shall survive the death of the person
20          entitled thereto or liable therefore, and may be asserted by or
            against the personal representative of such person, **provided**
21          **that upon the death of the person injured, damages for**
            **pain and suffering of such injured person shall not be**
22          **allowed.**

23          Ariz. Rev. Stat. § 14-3110 (emphasis added)

24

25          Arizona law is clear: pre-death pain and suffering of a decedent is not

26  actionable.

27          Under federal law, a federal court sitting in Arizona would apply the

28  Arizona survival statute precluding a decedent's estate from recovering pain and suffering

1937193.1                                        3

1  damages to determine damages available in federal civil rights claims. 42 U.S.C. § 1983;

2  42 U.S.C. § 1988; Ariz. Rev. Stat. § 14-3110.  In the present matter, Arizona's survival

3  statute prohibits recovery of damages for the decedent's pain and suffering and, thus,

4  precludes the §1983 claims allegedly stemming from the pre-death pain and suffering of

5  Carol Anne Gotbaum.

6  **IV.    PLAINTIFFS CANNOT RECOVER DAMAGES FOR PRE-DEATH**
   **SUFFERING UNDER 42 U.S.C. § 1983.**
7

8          An Arizona court has already held that Arizona's survival statute is *not*

9  inconsistent with § 1983 by precluding recovery of pre-death pain and suffering.  *Badia v.*

10  *City of Casa Grande*, 195 Ariz. 349, 988 P.2d 134 (App. 1999).  Other courts have also

11  held survivorship statutes similar to Ariz. Rev. Stat. § 14-3110 are not inconsistent with

12  the purposes of 42 U.S.C. § 1983, and, therefore, a plaintiff cannot recover for the

13  decedent's pain and suffering. *See, e.g., Venerable v. City of Sacramento*, 185 F. Supp. 2d

14  1128, 1133 (E.D. Cal. 2002).  Moreover,  the United States Supreme Court stated, "[a]

15  state statute cannot be considered 'inconsistent' with federal law merely because the

16  statute causes the plaintiff to lose the litigation."  *Robertson v. Wegman*, 436 U.S. 584,

17  593 (1978).  Under Arizona's wrongful death and survival statutes statutes, there is no

18  basis for statutory beneficiaries to recover for pre-death injuries suffered by the decedent

19  under 42 U.S.C. section 1983 or otherwise.

20  **V.    CONCLUSION**

21

22          In the First Amended Complaint, the Estate of Carol Anne Gotbaum

23  specifically seeks damages for pre-death pain and suffering of the decedent, Carol Anne

24  Gotbaum.  Nevertheless, the Estate is not entitled to pursue such damages in an Arizona

25  wrongful death action.  The wrongful death statutes, A.R.S. §12-611, *et seq.*  and the

26  survival statute, A.R.S. § 14-3110 specifically forbid such a claim.  In addition, due to the

27  silence of federal law on this issue, the Estate is also precluded from recovering damages

28  under 42 U.S.C. §1983 after the appropriate application of the law of Arizona, the forum

1937193.1                                      4

1    state.   Therefore, Defendants move this Court for an order dismissing all claims for pre-

2    death pain and suffering alleged in Plaintiffs' First Amended Complaint.

3                    RESPECTFULLY SUBMITTED this 11th day of July 2008.

4                                          JONES, SKELTON & HOCHULI, P.L.C.

5

6                                          By  s/Joseph J. Popolizio
                                              John T. Masterson
7                                             Joseph J. Popolizio
                                              Ryan J. McCarthy
8                                             Christina Retts
                                              2901 North Central Avenue, Suite 800
9                                             Phoenix, Arizona  85012
                                              *Attorneys for Defendants City of Phoenix,*
10                                            *City of Phoenix Police Department, Chief*
                                              *Jack Harris, Jason K. Toth, Andrew B.*
11                                            *Woyna, Duane A. Rigg, Jr., Dick C.*
                                              *Richards, Terri L. Klepper*
12

13                              **CERTIFICATE OF SERVICE**

14
         ⊠      I hereby certify that on July 11, 2008, I electronically transmitted the attached
15
         document to the Clerk's Office using CM/ECF System for filing and transmittal of
16
         a Notice of Electronic Filing to the following CM/ECF registrants:
17
                                          Michael Manning
18                                        Leslie E. O'Hara
                                          John T. White
19                                        STINSON MORRISON & HECKER, L.L.P.
                                          1850 North Central Avenue, Suite 2100
20                                        Phoenix, Arizona 85004
                                          *Attorneys for Plaintiffs*
21
     COURTESY COPY mailed this same date to:
22
     Honorable David G. Campbell
23   United States District Court
     Sandra Day O'Connor U.S. Courthouse, Suite 623
24   401 West Washington Street, SPC 58
     Phoenix, AZ 85003-2156
25

26   s/Joseph J. Popolizio

27

28
     1937193.1                              5