Michael C. Manning (#016255)
Leslie E. O'Hara (#005923)
John T. White (#022091)
**STINSON MORRISON HECKER LLP**
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
(602) 279-1600
Fax: (602) 240-6925
Email:  mmanning@stinson.com
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| TOBIAS GOTBAUM, NATHANIEL GOTBAUM, ELLA GOTBAUM, the natural children of Carol Anne Gotbaum by and through their next friend, Noah Gotbaum; and the ESTATE OF CAROL ANNE GOTBAUM,<br><br>    Plaintiff(s),<br><br>v.<br><br>CITY OF PHOENIX, a public entity; CITY OF PHOENIX POLICE DEPARTMENT; CHIEF JACK HARRIS; JASON K. TOTH; ANDREW B. WONYA; DUANE A. RIGG, JR.; DICK C. RICHARDS; TERRI L. KLEPPER, JOHN DOE OFFICERS I-X; JANE DOE OFFICERS I-X; JOHN DOE SUPERVISORS I-X; JANE DOE SUPERVISORS I-X; JOHN DOES I-X; JANE DOES I-X; BLACK CORPORATIONS I-X; and WHITE PARTNERSHIPS I-X,<br><br>    Defendant(s). | No. CV08-937-PHX-DGC<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PRE-DEATH SUFFERING CLAIMS**<br><br>(Assigned to the Honorable David G. Campbell)<br><br><br>(Oral Argument Requested) |

Plaintiffs offer this response in opposition to Defendants' Motion to Dismiss Plaintiffs' claims for pre-death pain and suffering. They contend that Arizona's wrongful death and survivor statutes preclude the award of pre-death pain and suffering

damages to Carol Gotbaum's Estate. They are wrong. Here, the Defendants used excessive force on Carol, were deliberately indifferent to her medical needs, improperly restrained her and left her alone, shackled in a holding cell, in violation of her constitutional rights. Had she lived, she could have sought pain and suffering damages for these violations. But because Defendants' acts and omissions caused her death (the most severe injury possible), Defendants argue that these claims are invalid under § 1983, because Arizona law precludes recovery for pre-death pain and suffering and because federal law is silent on this question. If this were so, it would effectively preclude Carol's Estate of any meaningful recovery under § 1983. ***The question for the Court is simple: Would it further § 1983's remedial purpose to apply Arizona law to eliminate Carol's claim under § 1983 simply because the Constitutional violations in this case resulted in her death, instead of permanent injury?*** And the answer is obvious: Of course not. For that reason, courts around the country have concluded that where, as here, a state statute purports to preclude such a claim under § 1983, it cannot stand in the way of compensating the estate and its creditors for the violations of the decedent's civil rights. To hold otherwise would be inconsistent with § 1983 and, therefore, invalid. *See* 42 U.S.C. § 1988.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      FACTUAL BACKGROUND**

Carol Gotbaum was a 45 year old mother of three young children at the time of her death on September 28, 2007, in a holding cell at Sky Harbor Airport. [Compl., ¶¶ 16, 17, 20, 27, 28.] She was en route from her home in New York City to an alcohol rehabilitation center in Tucson on the day of her death. [*Id.* ¶ 30, 33.] After being bumped twice from her connecting flight to Tucson, Carol went into an emotional tailspin: She dropped to the floor of the terminal in despair, tossed her Blackberry, and

2

ran up the concourse, yelling that she was not a terrorist.  [*Id*. ¶ ¶ 34, 36, 38.]  Three Phoenix Police Officers approached Carol and within seconds took her to the ground on her abdomen, cuffed her arms behind her, hauled her to her feet and marched and dragged her through the terminal to the Police substation in Terminal 4.  [*Id*. ¶ ¶ 40, 41, 46, 47.]  There, they shackled Carol to an eyebolt on a stationary concrete bench in a holding cell with a set of leg irons, her hands still cuffed behind her back, and left her alone and unobserved.  [*Id*. ¶ ¶ 48, 49, 50.]  Some time later, one of the officers noticed that Carol was silent, looked into the holding cell and saw Carol sitting on the floor in front of the bench, her hands now under her chin in front of her body, with the leg iron chain across her neck.  She was not moving.  [*Id.* ¶ 51.]  Cardiopulmonary resuscitation was unsuccessful and Carol was pronounced dead at 3:29 p.m.  [*Id*. ¶ 52.]

Plaintiffs have alleged claims based on state law and 42 U.S.C. § 1983 resulting from Carol's death.  Her Estate is properly seeking damages for pre-death pain and suffering pursuant to § 1983.  [*Id*. Prayer for Relief (e), p. 24.]

## II.     LEGAL ARGUMENT

**The Estate's Claim for Pre-Death Pain and Suffering Is Not Precluded by Arizona Statute and Denial of That Claim Would Thwart the Express Purpose of § 1983.**

Defendants contend that the Estate's federal claims for pre-death pain and suffering under 42 U.S.C. § 1983 are barred by Arizona's statutory preclusion of pain and suffering damages for survival actions, A.R.S. § 14-3110, and by Arizona's wrongful death statutes.  They are not.  As courts in Arizona and around the country have concluded, when § 1983 claims are premised upon constitutional deprivations that *caused* the death of the individual, state law cannot bar the Estate's recovery of pre-death pain and suffering.  To do so would be entirely inconsistent with the express purposes of compensation and deterrence under § 1983.  *See* 42 U.S.C. § 1988.  It

3

would also unfairly deprive Carol's Estate and its creditors of any recovery for the deprivations of Carol's constitutional rights, simply because the violations killed Carol instead of permanently injuring her.[1]

The primary purposes of § 1983 are well-established: To compensate the victims of constitutional deprivations and to deter future constitutional violations by such awards. *E.g., Richardson v. McKnight*, 521 U.S. 399, 403 (1997); *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) *cert. denied* 510 U.S. 977 (1993); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). The Supreme Court has implicitly recognized that punishment, while perhaps not the prominent purpose, is also a permissible purpose of § 1983 liability. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. at 268. Because § 1983 contains no enumeration of recoverable damages, the Court must make that determination. 42 U.S.C. § 1988; *Gilbaugh ex rel. Gilbaugh v. Balzer*, No. Civ. 99-1576-AS, 2001 WL 34041889, *6-7 (D. Or. June, 7, 2001). Courts may look to state law in determining the appropriate scope of recovery. *See* 42 U.S.C. § 1988. ***"The court may not, however, mold the constitutional claim to fit within the parameters of state law."*** *Bass by Lewis v. Wallenstein*, 769 F.2d 1173, 1188 (7th Cir. 1985) (emphasis added). State law remedies can only be adopted for a § 1983 claim if doing so ***would not be inconsistent*** with § 1983's purposes. *Id.*; *see also Smith v. Wade*, 461 U.S. 30 (1983) (holding, as a general rule, punitive damages are recoverable under § 1983, without respect to state law).

---

[1] Under the rationale proffered in Defendants' Motion, had Carol survived and sued for her pain and suffering, Defendants would have no legal basis to challenge the recoverability of such damages. This, of course, highlights the inconsistency with which the application of state law to Plaintiffs' § 1983 claims in this case would work an injustice under Defendants' arguments: To deny the primary source of Carol's recovery under § 1983, simply because the constitutional violation, here, resulted in Carol's death instead of injury.

4

Plaintiffs do not dispute that Arizona's survivor statute, which allows claims to be brought on behalf of Carol's Estate, specifically bars the recovery of pain-and-suffering damages for any state claims. But, such a limitation on the Estate's federal claims, in this case, would be entirely inconsistent with § 1983's purpose of providing compensation to Carol for the deprivation of her Constitutional rights and deterring such conduct in the future. Here, the violation of Carol's rights ***caused*** her injuries and death. [Compl. ¶ 115.] Indeed, the primary measure of damages in this case for the significant deprivations of Carol's constitutional rights is her pre-death pain and suffering. To take those damages away would be to seriously diminish the compensation to Carol and her Estate, as the victim of constitutional deprivations that resulted in her death. This would be patently inconsistent with § 1983's stated purpose of providing compensation to the victim for deprivations of constitutional rights.[2] *See, e.g., Gilbaugh*, 2001 WL 34041889 at *6-7 (holding Oregon statute deprived estate of meaningful recovery for constitutional deprivation and, thus, was inconsistent with § 1983's remedial purposes).

The vast majority of courts that have been faced with the prospect of applying state law to preclude significant damages in wrongful death cases, like here, have almost uniformly concluded that the application of state law would be inconsistent with § 1983's remedial purposes. For example, in *Gilbaugh*, the Estate of a man killed by police officers brought a claim under § 1983 for deprivations of the decedent's constitutional rights. 2001 WL 34041889. The decedent was killed immediately by police gunfire. Thus, the majority of damages in the case were general, arising from the fear and pre-impact terror suffered when he saw the police officer point the gun at his

---

[2] Plaintiffs, Carol's minor children, have separate claims for the violations of their ***own*** 14th Amendment rights to the existence of the parent-child relationship. Those claims, of course, also arise out of Carol's death.

5

face. *Id.* at *5-6. But such general/pre-impact terror damages were precluded by Oregon statute. The District Court recognized that the application of Oregon law, in that case, would be inconsistent with § 1983's purposes, because it would effectively eliminate the compensation to the victim for the deprivation of constitutional rights.

> If the court held that Plaintiff's Section 1983 action was barred by the state wrongful death statute, Plaintiff's sole remedy for Gilbaugh's death would be for funeral expenses under the common law tort claim. Plaintiff would have no way to recover anything for the deprivation of Gilbaugh's federal civil rights. The message this would send to state actors is that they can kill older, unmarried individuals with near impunity. As long as the victim is killed quickly and cleanly, the most their employer will be liable for is funeral expenses. This is clearly inconsistent with the purposes of Section 1983. *Gilbaugh*, at *7.

This was also, in essence, the conclusion reached by the Arizona Court of Appeals in *Badia v. City of Casa Grande*, 195 Ariz. 349, 988 P.2d 134 (Ct. App. 1999). In *Badia*, the issue before the court was whether Arizona's survivor statute would preclude a § 1983 claim for pain and suffering brought by the Estate of a man who died of causes ***unrelated to the constitutional deprivations***. The court held that the application of Arizona law was not inconsistent in the circumstances of that case; but, it took great pains to infer a different result where the death was caused by the constitutional deprivations:

> ***Inasmuch as Perez's death in this case did not result from defendants' alleged use of excessive force***, § 14-3110 neither frustrates nor is inconsistent with the policies and purposes of § 1983. *Badia*, 195 Ariz. at 355-56, 988 P.2d at 140-41 (emphasis added).

The Supreme Court also inferred the same conclusion in *Robertson v. Wegmann*, 436 U.S. 584 (1991). There, the Court upheld a Louisiana statute that caused a § 1983 claim to abate when the victim died of causes unrelated to the constitutional deprivation. But the Court took time to distinguish the case from the situation where, like here, the death resulted from the constitutional deprivation: "the fact that a particular action might abate surely would not adversely affect § 1983's role in preventing official

6

illegality, *at least in situations in which there is no claim that the illegality caused the Plaintiff's death.*" *Id.* at 592.

In line with these authorities, courts have held survivor statutes, like Arizona's, to be inconsistent with § 1983 in cases where the constitutional deprivation resulted in the victim's death. For example, in *Berry v. City of Milwaukee*, 900 F.2d 1489 (10th Cir. 1990), the Tenth Circuit performed a comprehensive analysis of § 1983 wrongful death recovery, in light of an Oklahoma survivor statute that, like Arizona's, precluded recovery for the pre-death pain and suffering of the decedent. *Id.* at 1500 ("[f]rom our analysis, we conclude that Congress envisioned a significant remedy for wrongful killings resulting from conduct proscribed by § 1983"). The Tenth Circuit concluded that application of state law survivor statutes to effectively preclude recovery for wrongful death violations was inconsistent with the purposes of § 1983 and would lead to varied results across the country. Accordingly, the court concluded that the "federal remedy [was] to be applied to § 1983 cases," which would be "a survival action, brought by the estate of the deceased victim, in accord with § 1983's express statement that the liability is to the party injured." *Id.* at 1506-07. Relying on a string of decisions by the United States Supreme Court, the Tenth Circuit concluded that Oklahoma's limitation on survival actions was inconsistent with § 1983; instead, it concluded, "appropriate compensatory damages would include medical and burial expenses, pain and suffering before death, loss of earnings based upon the probable duration of the victim's life had the injury not occurred, the victim's loss of consortium, and other damages recognized in common law tort actions." *Id.* at 1507.

The same conclusion has been reached by other circuit courts, as well as district courts within the Ninth Circuit.[3] *E.g., Andrews v. Neer*, 253 F.3d 1052, 1063 (8th Cir.

---

[3] The Ninth Circuit has not addressed this issue.

7

2001) ("*Berry,* represents the correct assessment of the damages available in § 1983 death cases" which included pre-death pain and suffering); *Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir. 1984) (refusing to apply Ohio law limit to recovery, concluding it was "hostile" to § 1983); *Garcia v. Whitehead*, 961 F. Supp. 230, 233 (C.D. Cal. 1997) (holding California's survival statute, which excluded damages for decedent's pain and suffering, was inconsistent with federal civil rights laws).  Consistent with this approach, this Court explained to County Defendants less than two years ago that a decedent's claims are viable under Arizona law and separate from any claim by the survivors. *See Wilson v. Maricopa County*, 463 F. Supp.2d 987, 987-99 (D. Ariz. 2006) (Campbell, J.) (discussing the liability of the County for violating decedent's rights, then acknowledging the separate claims brought by the parents of an adult child).

To support their position, Defendants cite only a single case, *Venerable v. City of Sacramento*, 185 F. Supp. 2d 1128 (E.D.Cal. 2002), in which a state survival statute was invoked to preclude pre-death pain and suffering damages in a § 1983 claim.  It is not persuasive.  California has issued opinions, in both state and federal courts, that fall on both sides of this issue.  The following courts have refused to apply California's survival statute to § 1983 claims, finding it to be inconsistent with the purposes of § 1983:  *Garcia v. Whitehead*, 961 F. Supp. 230, 233 (C.D.Cal. 1997): *Williams v. City of Oakland*, 915 F. Supp. 1074, 1078-79 (N.D.Cal. 1996) (the death in this case did not result from the constitutional violation); *Guyton v. Phillips*, 532 F. Supp. 1154, 1167-1168 (N.D.Cal 1981).  The California Supreme Court in *County of Los Angeles v. Superior Court*, 21 Cal. 4th 292, 308, 981 P.2d 68, 78 (1999), held that its survival statute could be applied to preclude damages for the decedent's pre-death pain and suffering in a civil rights case, **when the death was not a result of the constitutional violation**, but expressly did not reach the question of its applicability in those situations

8

where the constitutional violation did cause the death.  "Therefore we express no view on whether the preclusion of pain and suffering damages under California's survival law would be inconsistent with the policies underlying the federal civil rights law in those situations where the asserted constitutional deprivation caused the death."  Finally, two other courts applied the survival statute to preclude pre-death pain and suffering in § 1983 actions.  One of these is relied on by Defendants.  Their reliance is not justified.

In *Venerable v. City of Sacramento,* 185 F. Supp. 2d 1128, 1132 (E.D.Cal., 2002) the court expressly recognized that its holding was contrary to that reached by other California courts:

> Despite the modernization of California law, and the permission of survival actions for personal injury torts, some federal district courts have declined to apply the California limitation on recovery of a decedent's pain and suffering. ***These courts find that the deterrence provided in the California survival statute is inadequate and therefore inconsistent with § 1983***. *See, e.g., Garcia v. Whitehead,* 961 F. Supp. 230, 233 (C.D.Cal.1997); *Williams v. City of Oakland,* 915 F. Supp. 1074 (N.D.Cal.1996); *Guyton v. Phillips,* 532 F. Supp. 1154 (N.D.Cal.1981). (Emphasis added).

In light of these authorities, Defendants' Motion should be denied.  Depriving the Estate of pain-and-suffering damages would, under the circumstances, reduce the compensation intended to redress the violation of Carol's rights by Defendants.  It neither makes sense nor is it consistent with the purposes of § 1983 for the Court to eliminate those damages simply because Carol died.  Accordingly, Arizona's survivor statute does not apply and cannot bar recovery of Carol's pain-and-suffering under § 1983, for the manner in which Defendants deprived Carol of her constitutional rights and, ultimately, her life.  The Court should deny Defendants' Motion in its entirety.

### III.   CONCLUSION

For the foregoing reasons and based upon the foregoing authorities, Plaintiffs respectfully request that the Court deny Defendants' Motion.

DB04/811137.0002/601785.1

1  RESPECTFULLY SUBMITTED this 28th day of July, 2008.

                                    **STINSON MORRISON HECKER LLP**

                        By:   /s/ Leslie E. O'Hara
                              Michael C. Manning
                              Leslie E. O'Hara
                              John T. White
                              1850 North Central Avenue, Suite 2100
                              Phoenix, Arizona 85004-4584
                              Attorneys for Plaintiffs

DB04/811137.0002/601785.1

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2008, I caused the foregoing document to be filed electronically with the Clerk of Court through ECF; and that ECF will send an e-notice of the electronic filing to:

The following ECF participants:

> John T. Masterson
> Joseph J. Popolizio
> Ryan J. McCarthy
> Christina Retts
> JONES, SKELTON & HOCHULI, P.L.C.
> 2901 North Central Avenue, Suite 800
> Phoenix, Arizona 85012
> *Attorney for Defendants*

I hereby certify that on July 28, 2008 a courtesy copy was mailed to:

> Judge David G. Campbell

By:   /s/ Rachel V. Sanders

DB04/811137.0002/601785.1